535 P.2d 1067

**William Lenard JOHNSON, Appellant,**

v.

**PHOENIX CITY COURT, the Honorable Eugene Mangum, Chief Magistrate, et al., Appellees.**

**No. 1 CA–CIV 2542.**

Court of Appeals of Arizona, Division 1, Department A.

May 22, 1975.

Rehearing Denied June 18, 1975.

Review Denied July 14, 1975.

**64**

Law Offices of Henry J. Florence, Ltd. by Mathis Becker, Phoenix, for appellant.

Joe R. Purcell, City Atty., City of Phoenix by Michael D. House, Gregory A. McCarthy, Phoenix, for appellees.

## OPINION

OGG, Presiding Judge.

Defendant-appellant William Lenard Johnson is charged with violating the Phoenix City Code, section 23–65. This section states:

> "[a]ny person who commits any grossly indecent act in any open or public place within the City which outrages decency and is injurious to or tends to corrupt morals, shall be guilty of a misdemeanor."

In City Court the defendant moved to dismiss the complaint on the grounds that the section was unconstitutional because of vagueness and that the complaint as supplemented by the bill of particulars did not charge a public offense. The motion was denied.

A special action was filed in Maricopa County Superior Court and an interlocutory stay order, staying criminal proceedings in the City Court, was obtained. A hearing was held in Superior Court and the court found the section to be constitutional and vacated the order to stay. A supersedeas bond was then filed and the proceedings in City Court were once again stayed pending the determination of this appeal.

The relevant facts indicate that on November 12, 1972, Mr. Johnson was attending an adult movie theatre. The theatre consisted of private booths capable of seating two people. Mr. Johnson confronted a Phoenix Police Detective and allegedly grabbed the front of the officer's pants and, while holding on to the pants and the officer's private parts, attempted to pull him into a booth. The officer then arrested Mr. Johnson and charged him with a violation of the code.

Appellant Johnson contends that two phrases in the section are so vague as to render it unconstitutional; the phrases are "grossly indecent" and "which outrages de-

cency and is injurious to or tends to corrupt morals." We are of the opinion that the Arizona Supreme Court has decided the vagueness aspect of the phrase "grossly indecent act" in State v. Cota, 99 Ariz. 233, 408 P.2d 23 (1965). The Tucson ordinance, exposed to judicial scrutiny, stated:

> "[e]very person is guilty of a misdemeanor who . . . aids, offers or agrees to commit or commits any lewd or indecent act."

■ The Court found the act to be sufficiently certain in its terms so as not to fall prey to constitutional objections. Cota pointed out that a statute describing criminal conduct need only attain that degree of certainty necessary to ensure that men of common intelligence understand the sort of conduct proscribed. Cota quoted approvingly from Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948):

> "Acts of gross and open indecency or obscenity, injurious to public morals, are indictable at common law, as violative of the public policy that requires from the offender retribution for acts that flaunt accepted standards of conduct." Id. at 515, 68 S.Ct. at 670.

Certainly there may be cases which are difficult to classify as either violative or nonviolative of the section questioned here. However, a statute need not be axiomatic in its application to be constitutional.

■ The ordinance questioned merely encompasses the notion that certain types of conduct are considered unacceptable by the public and will be treated as criminal acts. It is difficult, if not impossible, to list all those types of conduct which were intended to fall within the prohibitions of the section. The difficulty which a legislative body encounters in expressing such concepts is a proper matter to be considered by the courts of this state. Barbone v. Superior Court of Pima County, 11 Ariz.App. 152, 462 P.2d 845 (1969). We are of the opinion that "indecent" is well defined and not subject to the objection of vagueness. United States v. Hyman, 463 F.2d 615 (10th Cir. 1972).

■ Appellant Johnson also maintains that the language "which outrages decency and is injurious to or tends to corrupt morals" is so vague as to require this court to find the statute unconstitutional. Musser v. Utah, 333 U.S. 95, 68 S.Ct. 397, 92 L.Ed. 562 (1948). We do not believe that the quoted phrase can properly be considered apart from the already approved word "indecent." When measured by the proper standard, i. e., that the conduct prohibited in the section is susceptible to common understanding, it is not objectionable. United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947). The phrase protested here is merely an adjective of "grossly indecent act." Objection to some of the language without a contextual reference to the remainder would certainly pervert reasonable interpretation of statutes generally. We conclude that the trial court ruled correctly when it gave constitutional approval to section 23–65.

Appellant Johnson's final contention is that the complaint as supplemented by the bill of particulars fails to allege a crime under § 23–65 of the Code. The thrust of the argument is that the only member of the public present when the alleged offense was committed was the arresting officer. Therefore—the police officer not being a member of the public—"no one's decency [was] outraged, and no one's morals injured or corrupted."

■ We reject this argument. First, the ordinance does not require that members of the public be present, only that the event occurred in a public place. Second, there is no requirement that a particular individual's decency be outraged or have his morals injured or corrupted. This is a standard, and a sufficient one, by which the jury can determine whether an offense has been committed. That determination, along with other arguments made by appellant, are properly left for the jury and are not properly before this court.

A review of this appeal leads us to conclude that the trial court was correct in its determinations and we therefore affirm.

DONOFRIO and FROEB, JJ., concur.